IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

                Case No.  12-34953

SEAN PURCELL JETER
SHEILA ANN JETER
fka SHEILA ANN HARRIS

     Debtors

MEMORANDUM ON AFFIDAVIT OF
WOOLF, MCCLANE, BRIGHT, ALLEN &
CARPENTER, PLLC IN SUPPORT OF ATTORNEY'S FEES

**APPEARANCES:** LAW OFFICES OF MAYER & NEWTON
    John P. Newton, Jr., Esq.
    1111 Northshore Drive
    Suite S-570
    Knoxville, Tennessee  37919
    Attorneys for Debtors

    WOOLF, MCCLANE, BRIGHT, ALLEN & CARPENTER, PLLC
    Gregory C. Logue, Esq.
    M. Aaron Spencer, Esq.
    Post Office Box 900
    Knoxville, Tennessee  37901
    Attorneys for Atlas Legal Funding I, L.P.

    WILLIAM E. MADDOX, JR., LLC
    William E. Maddox, Jr., Esq.
    Post Office Box 31287
    Knoxville, Tennessee  37930
    Attorney for Bill Hotz and Associates

    GWENDOLYN M. KERNEY, ESQ.
    Post Office Box 228
    Knoxville, Tennessee  37901
    Chapter 13 Trustee

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Before the court, pursuant to its Order and the Memorandum on Motion by Chapter 13 Trustee to Approve Settlement (Memorandum Opinion) entered March 13, 2014, is the Affidavit of Woolf, McClane, Bright, Allen & Carpenter, PLLC in Support of Attorney's Fees (Fee Affidavit) filed by Gregory C. Logue and the law firm of Woolf, McClane, Bright, Allen & Carpenter, PLLC (Woolf McClane) on March 25, 2014, certifying that Atlas Legal Funding I, L.P. (Atlas Legal Funding) has incurred legal fees and expenses in the amount of $17,670.10 for Woolf McClane's representation in connection with litigation in which it was involved during the pendency of the Debtors' bankruptcy case. On March 28, 2014, the court entered an Order specifying that fees would be awarded based upon the contractual arrangement between Atlas Legal Funding and the Debtor Sean Jeter set forth in the Funding Agreement executed by those parties on December 16, 2011, specifically Section 3.5 which reads as follows:

> 3.5 <u>Attorney's Fees</u>.  If any action or other proceeding is brought for enforcement of this Agreement or because of an alleged dispute, breach, default, or misrepresentation in connection with this Agreement, the prevailing Party shall be entitled to attorney's fees and other costs incurred in that action or proceeding, whether or not a lawsuit is filed, in addition to any other relief to which it or they may be entitled.

MEM. OP. at 8.  Pursuant to the March 28, 2014 Order, Woolf McClane was allowed through April 4, 2014, to amend its affidavit, which it chose not to do.

On April 9, 2014, the Chapter 13 Trustee, Gwendolyn M. Kerney, filed the Objection by Chapter 13 Trustee to Fee Affidavit Filed by Woolf, McClane, Attorneys for Atlas Funding I, L.P. (Objection to Fee Affidavit) in which she raised the following issues:  (1) that the settlement proceeds now held by the Chapter 13 Trustee in connection with the contested matter resolved by the Memorandum Opinion are not subject to an enforceable assignment through the Funding

Agreement; (2) that because she was not a party to the Funding Agreement, the attorneys' fees are not an enforceable claim against the bankruptcy estate; and (3) that the Fee Affidavit evidences unreasonable billing for duplicative and excessive services. The first issue, regarding the assignment between Atlas Legal Funding and the Debtor, has already been determined by the court as set forth in the Memorandum Opinion and will not be revisited. The second issue, regarding the Chapter 13 Trustee's assertion that the "settling defendants in the State Court lawsuit" did not have notice of the Funding Agreement in order to constitute an enforceable assignment under New Jersey law, is without merit since the record before the court in connection with the Memorandum Opinion establishes that the Debtor Sean Jeter had executed the Funding Agreement, and his personal injury attorney, William Hotz, had executed an Attorney Acknowledgment of the Funding Agreement on December 17, 2011.

The Chapter 13 Trustee also argues that the attorneys' fees do not constitute an enforceable claim against the bankruptcy estate since she was not a party to the Funding Agreement and is therefore not subject to the provisions of Section 3.5 concerning attorneys' fees. This issue is likewise without merit. The court has previously found that the Funding Agreement constitutes an assignment under New Jersey law in which the Debtor agreed to the following:

> 2.1 <u>Consideration</u>. In consideration for the receipt of the sum of **SEVENTEEN THOUSAND NINE HUNDRED DOLLARS AND 00/100** ($17,900.00) from ALF, I am selling and assigning to ALF all my right title and interest in, to and under an interest equal to the Purchase Price (as defined in Section 1.2 above), together with the accrued use fee (as that term is defined in Section 2.2), compounded monthly, and other fees or costs, from the proceeds of my Lawsuit to ALF. **IF I DO NOT RECOVER ANY PROCEEDS FROM MY LAWSUIT, I WILL NOT BE OBLIGATED UNDER THIS AGREEMENT TO REPAY ATLAS LEGAL.**

3

**FUNDING THE AMOUNTS ADVANCED INCLUDING THE ACCRUED USE FEE, COMPOUNDED MONTHLY AND OTHER FEES OR COSTS EXCEPT AS SET FORTH IN SECTION 5 BELOW.**

MEM. OP. at 6.  Inclusion of the term "other fees or costs" within the consideration includes any attorneys' fees awarded pursuant to Section 3.5 of the Funding Agreement.  As such, Atlas Legal Funding's attorneys' fees are also covered by the assignment and thus payable from the settlement proceeds being held by the Chapter 13 Trustee.

The court agrees, however, with the Chapter 13 Trustee's final argument, that the attorneys' fees and expenses reflected in the Fee Affidavit are not payable in the amount requested.  As previously set forth, Section 3.5 of the Funding Agreement provides, in material part, that "[i]f any action or other proceeding is brought for enforcement of this Agreement . . ., the prevailing Party shall be entitled to attorney's fees and other costs incurred in that action or proceeding, whether or not a lawsuit is filed, in addition to any other relief to which it or they may be entitled."  MEM. OP. at 8.  Based upon the wording of this section, fees will be awarded to the prevailing party in the event of "any action or other proceeding . . . brought *for enforcement* of this Agreement," the court deems that the only attorneys' fees to which Atlas Legal Funding is entitled under the Funding Agreement are those associated with the Motion By Chapter 13 Trustee to Approve Estate Settlement filed by the Chapter 13 Trustee on September 19, 2013.  Charges between Atlas Legal Funding and its attorneys for engagement, general communications, confirmation of the Debtor's Chapter 13 plan, the Debtor's proposed settlement, and the motions to dismiss filed by the Chapter 13 Trustee are not within the scope of this contested matter.  Accordingly, the fees reflected on the Fee Affidavit for the period of February 27, 2013 through September 19, 2013, including 11.0 hours for Mr. Logue,

38.4 hours for Mr. Spencer, .2 of an hour for an attorney identified as JCW, $.20 for photocopies, and $8.90 for Pacer charges totaling $9,574.60 are not compensable under the terms of the Funding Agreement and are not included within the scope of the court's March 13, 2014 Order, as clarified by the March 28, 2014 Order.  With respect to the fees reflected on the Fee Affidavit after September 19, 2013, the court has carefully reviewed the entries and, because a number of items for January and March 2014 do not relate to or reference this contested matter but instead concern the motions to dismiss subsequently filed in this case and/or basic correspondences with Atlas Legal Funding, the court has likewise deducted 3.5 hours billed by Mr. Spencer and .4 of an hour billed by Mr. Logue totaling $734.00.  Additionally, the Fee Affidavit evidences that Mr. Spencer spent a total of 23.8 hours researching and preparing the brief filed by Atlas Legal Funding for this contested matter.  Considering that the brief did not address New Jersey law, which was the governing law under the express terms of the Funding Agreement, the court determines that the hours expended are excessive and will award one-half of those hours, or $2,082.50 for 11.9 hours.

In summary, pursuant to the court's Order entered on March 13, 2014, supplemented by the March 28, 2014 Order, the court has determined that the reasonable attorney fees and expenses to be included within the amount to additionally be distributed to Atlas Legal Funding from the $80,189.14 settlement proceeds held by the Chapter 13 Trustee in connection with the contested matter resolved by the court's Memorandum Opinion are $5,279.00 and will award fees based upon a total of 27.2 hours incurred by Mr. Spencer and a total of 2.0 hours incurred by Mr. Logue, which the court believes to be the reasonable fee for Atlas Legal Funding's participation in the contented matter commenced by the Motion by Chapter 13 Trustee to Approve Estate Settlement filed on

September 19, 2013, by the Chapter 13 Trustee. A Final Order will be entered directing the Chapter 13 Trustee to make the following disbursements from the $80,189.14 settlement proceeds:

   A. $37,774.70 to Atlas Legal Funding I, L.P.; and

   B. $29,086.30 to William A. Hotz, Attorney.

Notwithstanding that the Debtors' bankruptcy case was dismissed on March 19, 2014, the remaining $13,328.14 will be disbursed to creditors in accordance with the terms of the Debtor's confirmed Chapter 13 plan and will not be paid to the Debtors.

   A Final Order consistent with this Memorandum will be entered.

FILED:  April 15, 2014

>                    BY THE COURT
>
>                    */s/  RICHARD STAIR, JR.*
>
>                    RICHARD STAIR, JR.
>                    UNITED STATES BANKRUPTCY JUDGE